IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>KARINA MICHELLE GUEVARA,<br><br>　　　　　　　Defendant. | 8:11CR135<br><br>TENTATIVE FINDINGS |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 163) and supporting brief (Filing No. 164)). The government adopted the PSR (Filing No. 165). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to United States v. Booker, 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 26 (base offense level), 29 (role in the offense), and 30 (obstruction of justice). She also argues that she is safety valve eligible.

**Base Offense Level (¶ 26)**

The Defendant argues that her base offense level should be 33 rather than 36. The objection will be heard, and the government has the burden of proof by a preponderance of the evidence.

**Role (¶ 29)**

The Defendant argues that she was a minimal participant. The objection will be heard, and the government has the burden of proof by a preponderance of the evidence.

**Obstruction of Justice (¶ 30)**

The Defendant argues that she is not entitled to the 2-level upward adjustment for obstruction of justice. The objection will be heard, and the government has the burden of proof by a preponderance of the evidence.

**Safety Valve**

The Defendant argues that she is entitled to a 2-level reduction for the safety valve. The objection will be heard, and the Defendant has the burden of proof by a preponderance of the evidence.

**Variance**

The Defendant has not filed a motion for variance. Rather, defense counsel included a request in the brief in support of her objections and attached the brief filed in support of the codefendant's motion for variance. Defense counsel may argue the request at sentencing.

IT IS ORDERED:

1. The Defendant's objections to the PSR will be heard at sentencing as stated above;

2. The Defendant may argue her request for a variance at sentencing;

3. If any party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if

an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

Dated this 15th day of November, 2012.

BY THE COURT:

s/ Laurie Smith Camp
Chief United States District Judge